IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TERESITA OLOARTE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | CIVIL ACTION NO. G-05-576 |
| v. § | |
| § | |
| PARKER DRILLING COMPANY, et al., § | |
| § | |
| Defendants. § | |

**ORDER GRANTING DEFENDANT EAGLE INDUSTRIAL EQUIPMENT INC.'S
MOTION TO DISMISS**

This case arises out of the death of Fermin Alcantara Hernandez when he fell down a hole while power washing aboard RIG 72-B. Hernandez's wife sued Parker Drilling Company ("Parker") to receive benefits under the Longshore and Harbor Workers' Compensation Act. Parker filed a Third-Party Complaint against Eagle Industrial Equipment Inc. ("Eagle") for indemnity pursuant to a Master Service Agreement. Now before the Court is Eagle's Motion to Dismiss, which seeks dismissal based on lack of personal jurisdiction. For the reasons articulated below, Eagle's Motion is **GRANTED**, and thie claims against it filed by parker are **DISMISSED WITHOUT PREJUDICE**.[1]

**I. Legal Standard**

As a nonresident of Texas, Eagle is subject to personal jurisdiction in this District if he is

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

amenable to service of process under Texas's long-arm statute and the exercise of personal jurisdiction is consistent with due process. *See Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). Since the Texas long-arm statute reaches as far as the Constitution allows, there is a single inquiry into whether jurisdiction over Eagle is consistent with the Due Process Clause of the United States Constitution. *See Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

Whether the exercise of personal jurisdiction over Eagle is consistent with the Due Process Clause requires a two-pronged inquiry. First, the Court must conclude that Eagle has "minimum contacts" with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Second, the Court must determine that requiring Eagle to litigate in the forum does not offend "traditional notions of fair play and substantial justice." *Id.* The "minimum contacts" aspect of due process can be satisfied by finding either specific jurisdiction or general jurisdiction. *See Wilson*, 20 F.3d at 647. Contacts unrelated to the cause of action may confer general jurisdiction, but these contacts must be both "continuous and systematic" and "substantial." *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984). A defendant's limited contact with the forum state may support specific jurisdiction if it gives rise to the cause of action. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993). Specific jurisdiction, the only type alleged by Parker, is proper if (1) the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws," and (2) the controversy arises out of or is related to the defendant's contact with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985). *See also Asarco, Inc. v. Glenara,*

*Ltd.*, 912 F.2d 784 (5th Cir. 1990).  The burden is on Plaintiff to establish jurisdiction.  *See id.* at 785.

**II. Analysis**

Parker's argument in support of exercising personal jurisdiction over Eagle is succinctly summarized in its Response to Eagle's Motion to Dismiss.  Parker argues that

> "This Honorable Court has jurisdiction over Eagle because Parker's cause of action arises out of and relates to Eagle's contacts with the State of Texas.  Specifically, Parker is asserting a claim for indemnity and contribution that arises out of a Master Service Agreement that was entered into between Eagle and Parker Drilling Offshore USA, LLC, which has its principal office in Houston, Texas.  Moreover, Parker's claim for indemnity stems from the death of an individual who was working for a Texas company that was subcontracted by Eagle."

Response at 4.  Basically, Parker's only argument is that since Eagle entered into two contracts with Texas companies, the Master Service Agreement and the contract with the decedent's employer, it is subject to personal jurisdiction in Texas.  This argument is clearly foreclosed by direct and applicable Fifth Circuit authority.  *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986).  "Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction."  *Id.*

**V. Conclusion**

While it would seem most convenient to adjudicate the third-party claims in conjunction with the present lawsuit, this Court has no jurisdiction over Third-Party Defendant Eagle.  Accordingly, Eagle's Motion to Dismiss is **GRANTED,** All claims asserted by Parker against Eagle in this action are **DISMISSED WITHOUT PREJUDICE**.  A Final Judgment will be issued in due course.  All taxable costs, expenses and attorney's fees shall be borne by the Party incurring same.

**IT IS SO ORDERED**.

**DONE** this 27th day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge